UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jeffrey Kilty, et al.

   v.                           Civil No. 04-cv-185-JD

Worth Development Co., et al.

O R D E R

On May 25, 2005, this court issued an order granting the defendants' motions for summary judgment in part and denying them in part (the "Order"). 2005 DNH 087 (document no. 33). Defendants Worth Development Co., Robert Shaines, and Stuart Shaines (the "Worth defendants") have responded by filing a motion to reconsider part of the Order and a motion to dismiss one of the remaining claims against them. Defendants Robert Sullivan, Bradley Russ, Michael Magnant, and the City of Portsmouth (the "municipal defendants") have also filed a motion for limited reconsideration of the Order,[1] as well as a motion in limine seeking to exclude evidence of the plaintiffs' claimed damages. Russ, who secured his own counsel in the wake of the partial denial of the municipal defendants' summary judgment motion, has filed his own "supplement" to their motion for

---

[1] The municipal defendants have also filed an "addendum" to this motion, which the court has considered in its ruling.

reconsideration.  The plaintiffs object to all of the defendants' motions.  Because the factual background and legal framework of this case are extensively set forth in the Order, the court will not repeat them here.

I.   The Worth Defendants' Motion to Dismiss

The Worth defendants seek pre-trial dismissal of Count VI of the plaintiffs' complaint, which alleges that "Randy Kilty and Robert Shaines agreed to a lease . . . for five years initially to be followed by a five-year option . . . ," on the basis of the statute of frauds.  Although the statute of frauds is a defense which a "party shall set forth affirmatively" in its answer under Fed. R. Civ. P. 8(c), the Worth defendants acknowledge that they did not do so.  They also did not raise the defense in their motion for summary judgment.  Nevertheless, the First Circuit has said that an affirmative defense omitted from the answer can be raised later in the proceedings if "the defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay . . . ."  Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003); see also Conjugal P'ship v. Conjugal P'ship, 22 F.3d 391, 400 (1st Cir. 1994) ("it is settled that if there is no prejudice and fairness dictates, the strictures of the raise or waive rule may be relaxed") (internal quotation marks and

bracketing omitted).

The Circuit has also indicated that, in deciding whether an affirmative defense not mentioned in the answer can subsequently be asserted, "an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose--to act as a safeguard against unfair surprise--has been vindicated." Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995), abrogated on other grounds by Carpenters Union Local No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000); see also Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226-27 (1st Cir. 1994). Here, although the plaintiffs resist application of the statute of frauds on the merits, they do not claim any prejudice resulting from the Worth defendants' raising the defense at this stage in the proceedings, despite opportunities to object on that basis at both the final pre-trial conference and in their response to the motion itself. Cf. Haseotes v. Cumberland Farms, Inc. (In re Cumberland Farms, Inc.), 284 F.3d 216, 225-27 (1st Cir. 2002) (affirming judge's refusal to allow presentation of unplead defense by motion to dismiss filed on eve of trial where plaintiff claimed prejudice due to "potentially complex legal issues" implicated). As a result, the court concludes that it is fair to consider the merits of the Worth defendants' statute of

frauds defense at this point, despite its omission from their answer or summary judgment motion. See Agri-Mark, Inc. v. Niro, Inc., 214 F. Supp. 2d 33, 43 (D. Mass. 2002) (allowing defendant to raise affirmative defense left out of answer in pre-trial motion where no prejudice to the plaintiff resulted).

Under New Hampshire law, "[n]o action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged . . . ." N.H. Rev. Stat. Ann. ("RSA") § 506:1. An agreement to lease land for a term of years falls within the ambit of the statute. Byblos Corp. v. Salem Farm Realty Trust, 141 N.H. 726, 729 (1997) (quoting Smith v. Phillips, 69 N.H. 470, 471 (1898)). The plaintiffs acknowledge in their objection that "there is no writing that complies with the strict requirements of RSA 506:1," but argue that equitable considerations warrant an exception. Obj. ¶¶ 8-14. Specifically, the plaintiffs suggest that the Worth defendants should not be allowed to seek refuge in the statute due to their participation in an alleged "conspiracy . . . to defraud [the plaintiffs] of certain rights." Id. ¶ 12.

The New Hampshire Supreme Court has recognized that a party which itself perpetrates fraud may, in so doing, lose its right to assert a statute of frauds defense. See, e.g., Halsted v.

4

Murray, 130 N.H. 560, 564 (1988); Weale v. Mass. Gen. Hous. Corp., 117 N.H. 428, 431 (1977).  However, absent a relationship of trust or confidence between the parties, "[t]he refusal to carry out an oral promise to convey land standing by itself is not fraud . . ." within the meaning of this exemption.  Clark v. Lovelace, 102 N.H. 97, 99 (1959); see also Wheelen v. Robinson, 117 N.H. 1032, 1036 (1977).  The plaintiffs here have alleged only that, i.e., the Worth defendants have dishonored their parol agreement to renew the lease.  Although the plaintiffs have also alleged a conspiracy, they have never said until now that its purpose was to defraud them, and there is nothing in the summary judgment record suggesting such.  Instead, they have asserted that the defendants combined to deprive the plaintiffs' African-American patrons of certain rights by closing the plaintiffs' business.  Compl. ¶ 66.  But they have provided no authority suggesting that a contracting party's participation in such a scheme has any effect on its ability to invoke the statute.

    Halstead, the sole case on which the plaintiffs do rely, refused to apply the statute of frauds where the defendant, through counsel, had offered to sell the plaintiff land in settlement of litigation between the parties over the land, and the plaintiff accepted.  130 N.H. at 561-63.  Although the defendant had provided neither a signed offer nor a signed

authorization for his attorney to make the deal, cf. RSA 506:1, the court held that "because there is such a special relationship between the attorney and his client our Statute of Frauds does not require the client to authorize his attorney, in writing, to settle an action involving a land dispute through sale of the subject property" and explicitly limited its holding to such facts. 130 N.H. at 566. It is obvious, then, that Halstead provides no succor to the plaintiffs in attempting to escape the reach of the statute of frauds here. The Worth defendants' motion to dismiss count VI, asserting breach of the parties' alleged oral agreement to renew the lease, is granted.

## II. The Worth Defendants' Motion for Reconsideration

The Worth defendants also seek reconsideration of the Order insofar as it denied the municipal defendants' motion for summary judgment on Count VII, which alleges that all the defendants "conspired to discriminate against [the plaintiffs] and close their business . .. in order to deprive African-Americans" of, inter alia, equal protection and equal privileges and immunities under the law.[2] Compl. ¶ 66. In granting the Worth defendants'

---

[2]The motion also seeks reconsideration of the Order insofar as it denied the Worth defendants summary judgment on Count VI. This part of the motion for reconsideration is moot, however, in light of the dismissal of that count in Part I, supra.

motion for summary judgment on Count VIII, which asserted that they violated 42 U.S.C. § 1982 by refusing to renew K & N's lease because of the race of its patrons, the court ruled that the plaintiffs had failed to dispute the Worth defendants' explanation that they based that decision on a racially neutral ground, i.e., the fact that K & N was in breach of the lease. Order at 27-28. In light of this ruling, the Worth defendants argue that the plaintiffs cannot show that the requisite animus motivated the Worth defendants' participation in the conspiracy, Worth Def. Mot. for Recons. ¶ 13, which the plaintiffs acknowledge was limited to not renewing the lease. Obj. ¶¶ 3, 5.

Courts have held that a defendant cannot incur liability for a section 1985 conspiracy merely by participating or acquiescing, for a nondiscriminatory reasons, in the discriminatory acts of others.[3] See Perks v. Town of Huntington, 96 F. Supp. 2d 222,

---

[3] Relatedly, courts have held that a defendant's actions taken in good faith but which happen to further the discriminatory objectives of third parties cannot support a conspiracy claim. See Smith v. Ross, 482 F.2d 33, 36 (6th Cir. 1973) (affirming dismissal of § 1985 claim arising out of deputy's eviction of plaintiffs from premises where court found that he did so to protect them from racial violence at hands of townspeople); Scott v. Univ. of Del., 385 F. Supp. 937, 945 (D. Del. 1974) (dismissing § 1985 claim against university trustees arising out of non-renewal of teaching contract based on racially motivated complaints from students and faculty). These cases provide further support for the proposition that overt acts do not subject the actor to section 1985 liability when he or she

232 (E.D.N.Y. 2000) (dismissing § 1985 claim against defendant who participated in co-defendant's allegedly discriminatory acts but did not do so with the intent to further the co-defendant's allegedly illegal motives); Humphrey v. Demitro, 932 F. Supp. 571, 582-83 (N.D. Ill. 1996) (granting summary judgment on § 1985 claim against officer who had joined in co-defendants' actions constituting conspiracy, but without requisite animus), rev'd in part on other grounds, 148 F.3d 719 (7th Cir. 1998); accord Manego v. Cape Cod Five Cents Sav. Bank, 692 F.2d 174, 176-77 (1st Cir. 1982) (affirming dismissal of § 1985 claim against selectmen arising out of refusal of business license, despite fact that they had attended meeting of private citizens group opposed to license on arguably racial grounds).

The plaintiffs appear to press exactly this theory in their objection to the motion for reconsideration, arguing that "the lease agreement . . . was rescinded by the Worth Defendants at the behest of the city."  Obj. ¶ 5.  As the court has already determined, however, the plaintiffs have failed to produce any evidence suggesting that the Worth defendants' own racial animus drove their decision not to renew the lease, and the plaintiffs do not ask the court to revisit that ruling now.  The fact that

---

acts out of racially neutral motives, even if they are also taken at the behest of those motivated by racial animus.

the decision may have also served the discriminatory ends of the municipal defendants does not suffice to make the Worth defendants liable under a conspiracy theory.  See, e.g., Perks, 96 F. Supp. 2d at 232.  Accordingly, the Worth defendants' motion for reconsideration of the Order is granted, and on reconsideration the court grants summary judgment to the Worth defendants on Count VII.[4]  The court need not reach the other arguments the Worth defendants raise to support reconsideration.

---

[4] The plaintiffs argue that the Worth defendants should be deemed to have waived their right to summary judgment on Count VII by failing to provide any independent arguments on that score in their summary judgment papers.  The argument the Worth defendants press in their motion for reconsideration, however, grows out of the plaintiffs' announcement, first made at the final pre-trial conference in this matter, that they viewed their section 1985 claim against the Worth defendants as arising out of their refusal to renew the lease at Sullivan's direction.  Until that point, even the court had assumed that the plaintiffs were proceeding on a more far-ranging theory.  Order at 41 n.26.  The new argument is also dependent on the court's ruling in the order that the plaintiffs lacked proof of the racial animus necessary to support their section 1982 claim arising out of the failure to renew the lease.  Finally, although the plaintiffs have objected to the new argument on the basis of waiver, they do not claim that they lacked sufficient notice to respond to it or that its appearance at this stage has otherwise prejudiced them.  For these reasons, the court believes that good cause exists to consider this argument now, even after the deadline for summary judgment motions has passed.  Fed. R. Civ. P. 16(b).

III. The Municipal Defendants' Motion for Reconsideration

The municipal defendants collectively, and Russ, individually, also seek reconsideration of the denial of their motion for summary judgment on Count VII, on the ground that the plaintiffs have produced evidence of no overt act in furtherance of the conspiracy which occurred within the limitations period. See generally Order at 40-41. As an initial matter, although the court had previously assumed that this action was commenced on April 12, 2004, the municipal defendants and Russ point out that the actual commencement date was April 15, 2004, which the plaintiffs do not dispute.[5] Thus, only those acts occurring on or before April 15, 2001, can be the basis of the plaintiffs' section 1985 claim; the municipal defendants argue that all of their allegedly conspiratorial acts took place before then.

In the First Circuit, "in the context of a continuing conspiracy to violate civil rights, the statute of limitations runs separately from the occurrence of each civil rights

---

[5] It appears that the writ commencing this action was filed on April 12, 2004, but in improper form, causing the plaintiffs to refile on April 15, 2004. Although the plaintiffs simultaneously filed a "motion to admit writ for filing" asking to "admit the filing filed on April 12, 2004," the Superior Court later issued a "Receipt of Writ" stating that the writ had been filed on April 15, 2004. In their response to the motions for reconsideration, the plaintiffs do not dispute that this sequence of events results in a commencement date of April 15, 2004, for statute of limitations purposes.

violation that causes damage to the plaintiff . . . ."  Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (citing Hernandez Jimenez v. Calero Toledo, 576 F.2d 402, 404 (1st Cir. 1978)); see also Morales v. Vega, 604 F.2d 730, 731 (1st Cir. 1979).  The municipal defendants contend that their last alleged overt act in furtherance of the conspiracy was their participation in the adjudicative hearing on K & N's liquor license application before the state liquor commission, which occurred on April 11 and 12, 2001.  As the plaintiffs point out, however, because the commission did not issue its order denying the application until May 7, 2001, they suffered no damage from the municipal defendants' participation in the proceedings until that point, which falls within the limitations period.  See Kelly v. City of Chicago, 4 F.3d 509, 512-13 (7th Cir. 1993) (treating revocation of plaintiff's liquor license as date of accrual of claim that he was denied due process as a result); 2 Joseph G. Cook & John L. Sobieski, Jr., Civil Rights Actions ¶ 4.02[B] (1994) ("In cases challenging the revocation of a license or permit, the claim typically is held to accrue when the plaintiff either knows or should have known of the denial or revocation.") (Footnote omitted.)

   The statute of limitations therefore imposes no bar against the section 1985 claim against the municipal defendants to the

extent it arises out of their participation in the adjudicative hearing before the liquor commission.  Their motion for reconsideration of the Order in that regard is therefore denied, except insofar as it asserts that the limitations period on the plaintiffs' section 1985 claims begins on April 15, 2001.[6] Russ's supplement to the motion, which proceeds on the same theory, is likewise denied.

IV.  The Municipal Defendants' Motion in Limine

Finally, the municipal defendants have moved to exclude any evidence of the lost profits the plaintiffs claim to have incurred as a result of their inability to proceed with their plans for Club Spin.  The municipal defendants argue in the first instance that any such damages are speculative and uncertain and must be the subject of expert testimony.  The plaintiffs respond, however, by arguing that the Kiltys can make a case for their lost profits based on their experience in the nightclub industry, their business plan, and the receipts of similar establishments. Based on these representations, the court cannot conclude at this point that the plaintiffs' lost profits claim will fail for lack

---

[6] The municipal defendants have not asked the court to reconsider its ruling that Sullivan's asking Shaines not to renew the lease amounts to an overt act in furtherance of the conspiracy which occurred within the limitations period.

of certain or competent testimony.

The municipal defendants also argue, however, that notwithstanding these other difficulties, the plaintiffs cannot recover their <u>future</u> lost profits without expert testimony reducing those figures to net present value.  This court has previously held that New Hampshire law places the burden on the plaintiff to reduce future lost profits to net present value and that expert testimony is necessary to do so.  <u>Hutton v. Essex</u>, 885 F. Supp. 331, 333-35 (D.N.H. 1994).  The plaintiffs' objection to the motion in limine does not meaningfully address <u>Hutton</u>.  Accordingly, their evidence of lost profits will be limited to those they have already incurred, as opposed to those they anticipate they will incur in the future.

## Conclusion

For the foregoing reasons, the Worth defendants' motion to dismiss Count VI (document no. 35) is GRANTED.  The Worth defendants' motion for reconsideration (document no. 34) is also GRANTED, and summary judgment is entered in their favor on Count VII.  The municipal defendants' motion to reconsider (document no. 39) is DENIED except to the extent that April 15, 2001, now serves as the beginning of the limitations period on the plaintiffs' section 1985 claim.  Russ's supplement to that motion

(document no. 46) is similarly DENIED.  The municipal defendants'
motion in limine (document no. 37) is GRANTED in part and DENIED
in part as more fully set forth above.

    SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

June 3, 2005

cc:   William G. Scott, Esquire
      Thomas R. Watson, Esquire
      Richard N. Foley, Esquire
      Paul McEachern, Esquire